# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A G Produce Supplies, Inc., <br><br>                                    Plaintiff, <br>    vs. <br><br> Enrique E. Dominguez dba D & E Produce, and John Does 1 - 10, <br><br>                                    Defendant. | CASE NO. 10CV385-MMA (RBB) <br><br> **ORDER GRANTING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER WITHOUT NOTICE** <br><br> [Doc. No. 3] |

Pending before the Court is Plaintiff's Ex Parte Application for Temporary Restraining Order Without Notice ("Application for TRO"). (Doc. No. 3.) The Court finds that the Declaration of Alfonso Gonzalez (Doc. No. 5) and the Certification from Plaintiff's Attorney (Doc. No. 3-2) contain specific facts which are adequate to demonstrate a likelihood of success on the merits that Defendants are currently in possession and control of $15,265.30 of Plaintiff's trust assets pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq*. Plaintiff has demonstrated that immediate and irreparable injury, loss or damage will result to Plaintiff if this Order is not entered. Plaintiff has also certified why notice should not be required, given that if notice is given trust assets may be further threatened with depletion, and that Plaintiff nor his counsel have been able to locate Defendant. Accordingly, the Court **GRANTS** the Application for TRO (Doc. No. 3) as follows:

The Court hereby **ORDERS**, pursuant to Federal Rule of Civil Procedure 65(b):

(1) Defendant, its customers, agents, officers, subsidiaries, assigns, banking institutions and related entities, shall not alienate, dissipate, pay over or assign any assets of Enrique E.

Dominguez dba D&E Produce or its subsidiaries or related companies except for payment to Plaintiff until further order of this Court or until Defendant pays Plaintiff the sum of $15,265.30 by cashier's check or certified check, at which time this Order is dissolved. If Defendant pays Plaintiff the sum of $15,265.30 by cashier's check or certified check, Plaintiff shall file a notification with the Court so stating no later than 24 hours after payment is received. If Defendant fails to pay Plaintiff the sum of $15,265.30 by cashier's check or certified check, this Order shall dissolve on ***March 3, 2010*** at 1:30 p.m.

(2) Bond shall be waived in view of the fact that Plaintiff's evidence shows that Defendant now holds the aggregate amount of $15,265.30 of Plaintiff's assets.

(3) No later than February 24, 2010, Plaintiff shall file a proof of service, indicating that copies of this Order, the Complaint, the summons as to the Complaint, the Motion for Preliminary Injunction, and the February 18, 2010 Application for TRO and all supporting documentation have been served on Defendant.

(4) The Court will conduct a hearing on the Motion for Preliminary Injunction on ***March 3, 2010*** at 1:30 p.m. Defendant may file an opposition to the motion no later than ***March 1, 2010*** at noon.

**IT IS SO ORDERED**.

DATED: February 18, 2010

*[signature]*

Hon. Michael M. Anello
United States District Judge